HEMAN A. HIBBARD, Appellant, v. JOHN H. RANDOLPH, Respondent.

*Offer of judgment — assignment of the plaintiff's cause of action to his attorney —*
*the defendant's costs offset against the plaintiff's judgment.*

When an offer of judgment, under section 738 of the Code of Civil Procedure, has not been accepted by the plaintiff, the defendant may serve a second offer for a different amount, before trial.

When the plaintiff's attorney, in a pending suit, takes an assignment of the cause of action and of any judgment that may be obtained thereon, he takes it subject to the right of the defendant to offset the costs to which he may be entitled by reason of the plaintiff's failure to obtain a more favorable judgment than that which the defendant had offered, under section 738 of the Code.

APPEAL by the plaintiff, Heman A. Hibbard, from two orders of the County Court of Chautauqua county, entered in the office of the clerk of that county on the 3d day of April, 1893, one reversing the taxation by the clerk of a full bill of costs in favor of plaintiff, the other order setting off against the plaintiff's recovery the amount of the defendant's costs from the date of service of an offer of judgment, and directing the entry of judgment in favor of the plaintiff for the difference.

The action was brought to recover for the conversion of certain personal property. It was referred, and the referee reported for the plaintiff on the 24th day of January, 1893, for the sum of eighty-five dollars, with interest from the 28th day of January, 1892.

On the 2d day of November, 1892, the defendant made and served an offer of judgment in the action for the sum of seventy-five dollars, as provided by section 738 of the Code. It was further claimed by the defendant that on the 14th day of December, 1892, he made and served a second offer for the sum of ninety dollars. The plaintiff did not accept either offer.

Upon the trial, which commenced December 30, 1892, it was found that on the 14th day of December, 1892, his claim, with interest, as found by the referee, amounted to eighty-nine dollars and thirty cents.

While the case was pending before the referee, the plaintiff executed the following assignment to his attorney:

" COUNTY COURT — CHAUTAUQUA COUNTY.

" HEMAN A. HIBBARD *vs.* JOHN H. RANDOLPH.

" For value received, I hereby sell, assign, transfer and set over to A. C. Pickard all my right, title and interest in the above cause of action, and any judgment that may be obtained thereon, both damages and costs.   Consideration, services and money paid.

" *January* 21, 1893.               HEMAN A. HIBBARD."

*A. C. Pickard,* for the appellant.

*J. D. Curtiss,* for the respondent.

LEWIS, J.:

The defendant unquestionably had the right to serve the second offer of judgment.   The County Court, upon conflicting affidavits, decided that the defendant did serve a second offer of judgment for the sum of ninety dollars, which was for a greater amount than plaintiff's recovery, and, therefore, the defendant was entitled to costs accruing after service of that offer.

In taking an assignment of plaintiff's claim the attorney took it subject to the right of the defendant to offset the costs to which he might be entitled against the plaintiff's judgment in whosesoever hands it might be.   Were the rule otherwise, the provision of the Code providing for offer of judgment would be practically ineffectual and nugatory.   ( *Warden* v. *Frost,* 35 Hun, 141.)

The orders appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Orders of the County Court of Chautauqua county appealed from affirmed, with ten dollars costs and disbursements.